IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA FRAUSTO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CA-13-XR |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

On this date, the Court considered the Report and Recommendation filed by the Magistrate Judge (Docket Entry No. 16), and Plaintiff's objections thereto (Docket Entry No. 18), concerning Plaintiff's appeal of the Commissioner's decision to deny her Social Security disability benefits. Where the Report and Recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition *de novo* pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1).  After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation to affirm the Commissioner's denial of benefits.

**Introduction**

Plaintiff Maria Frausto seeks review and reversal of the determination by the Administrative Law Judge ("ALJ") that Frausto is not disabled and thus not entitled to receive disability and supplemental security income ("SSI") benefits.  Frausto contends that the ALJ erred by improperly relying on the testimony of the vocational expert and by failing to provide evidence of how Frausto's past occupation is generally performed.  Frausto asks the Court to reverse the decision and render

judgment in her favor. In the alternative, Frausto asks the Court to reverse and remand the case for additional administrative proceedings.

## Jurisdiction

This Court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. § 405(g).

## Administrative Proceedings

Frausto fully exhausted her administrative remedies prior to filing this action in federal court. Frausto filed her application for benefits on March 3, 2006, alleging disability beginning January 1, 2006.[1]  The Social Security Administration denied the applications both initially and upon reconsideration.  Frausto then asked for a hearing, which was held before ALJ Karen McCoy on Jannuary 10, 2008.  The ALJ issued a decision on March 18, 2008, concluding that Frausto is not disabled.[2]  The Social Security Appeals Council denied Frausto's request for review, making the ALJ's determination the final decision of the Commissioner.

## Procedural History

Plaintiff appealed the Appeals Council's decision, and the Magistrate Judge issued a report and recommendation on August 25, 2009.[3]  Plaintiff objected to the report and recommendation on September 4, 2009, which this court now considers.[4]

---

[1] Tr. 98–105.

[2] Tr. 16–21.

[3] Mem. and Recommendation, Aug. 25, 2009 (Docket Entry No. 16).

[4] Pl.'s Objection to Report and Recommendation of the U.S. Magistrate Judge, Sept. 4, 2009 (Docket Entry No. 18).

## Applicable Legal Standard

### A. Standard of Review

Where the report and recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition *de novo* pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.[5] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[7]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[8] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.[9] Conflicts in the evidence and credibility assessments are for the

---

[5] *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

[6] *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[7] *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

[8] *Martinez*, 64 F.3d at 173.

[9] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Villa*, 895 F.2d at 1021 (the court is not to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of

Commissioner and not for the courts to resolve.[10] Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[11]

**B. Entitlement to Benefits**

Every individual who is insured for disability benefits, has not reached retirement age, meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive disability insurance benefits.[12] Every individual who meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive supplemental security income benefits.[13] The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[14] A claimant shall be determined to be disabled only if her physical or mental impairment or impairments are so severe that she is unable to not only do her previous work, but cannot, considering her age,

---

the Commissioner).

[10] *Martinez*, 64 F.3d at 174.

[11] *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

[12] 42 U.S.C. § 423(a)(1).

[13] 42 U.S.C. § 1382(a)(1) & (2).

[14] 42 U.S.C. § 1382c(a)(3)(A).

4

education, and work experience, participate in any other kind of substantial gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she applied for work.[15]

**C. Evaluation Process and Burden of Proof**

Regulations set forth by the Commissioner require disability claims to be evaluated by the prescribed five-step process.[16] A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis.[17]

The first step involves determining whether the claimant is currently engaged in substantial gainful activity.[18] If so, the claimant will be found not disabled regardless of her medical condition or her age, education, or work experience. The second step involves determining whether the claimant's impairment is severe. If a claimant has no severe impairments, the claimant is deemed not disabled. In the third step, the ALJ compares the severe impairment with those on a list of specific impairments. If a claimant's impairment meets or equals a listed impairment, the claimant is deemed disabled without considering his or her age, education, or work experience. If the impairment is not on the list, the ALJ moves on to the fourth step and reviews the claimant's residual functional capacity ("RFC") and the demands of her past work. At this step, the ALJ may utilize a

---

[15] 42 U.S.C. § 1382c(a)(3)(B).

[16] 20 C.F.R. §§ 404.1520 and 416.920.

[17] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[18] 20 C.F.R. §§ 404.1520 and 416.920.

vocational expert ("VE") to determine how a particular job is usually performed.[19] In analyzing the claimant's RFC, the ALJ may look not just at the demands of claimant's specific past work but also at the demands of that work generally, as required by employers across the national economy.[20] If the claimant is still able to do her past work, the claimant is not disabled. If the claimant cannot perform her past work, the ALJ moves to the fifth and final step, evaluating the claimant's ability, given her residual capacities, age, education, and work experience, to do other work. If the claimant cannot do other work, she will be found disabled. The claimant bears the burden of proof at the first four steps of the sequential analysis. Once the claimant has shown that she is unable to perform her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is not only physically able to perform, but also, taking into account her exertional and nonexertional limitations, able to maintain for a significant period of time.[21] If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that she is unable to perform the alternative work.

## Analysis

### A. Findings and Conclusions of the ALJ

The ALJ reached her decision that Plaintiff was not disabled at step four of the evaluative process. At step one, the ALJ determined that Frausto did engage in substantial gainful activity through 2006 but not thereafter. At step two, the ALJ determined, after reviewing the objective medical evidence, that Plaintiff suffered from the severe impairments of diabetes mellitus and

---

[19] Soc. Sec. Rul. 00-4p (2000).

[20] Soc. Sec. Rul. 82-61 (1982).

[21] *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002).

osteoarthritis of the hands. At step three, however, the ALJ determined that these impairments do not, either by themselves or in combination, meet or equal a listed impairment. Moving on to step four, the ALJ assessed Frausto's RFC and the demands of her past work.

The ALJ discounted Frausto's subjective complaints of disabling symptoms and limitations, finding it inconsistent both with the medical diagnosis and Frausto's other testimony of the work she did at home.[22] The ALJ determined that Frausto had the RFC to perform the full range of light work of lifting/carrying 20 pounds occasionally and 10 pounds frequently. The ALJ also found that Frausto's RFC allowed her to stand/walk/sit for eight hours in an eight hour workday, to climb ramps and stairs, and to balance, bend, stoop, kneel, crouch, and crawl frequently. However, the ALJ found that Frausto would never be able to climb ladders, ropes, or scaffolds. At this step, the ALJ accepted a vocational expert's testimony identifying plaintiff's past relevant work as "Cleaner/Housekeeping," as defined in the Dictionary of Occupational Titles ("DOT"), which falls under the category of light work. Based on these determinations, the ALJ found that Frausto is able to perform her past relevant work ("PRW") as a housekeeper. Thus, the ALJ concluded that Frausto is not disabled as defined by the Social Security Act.

**B. Plaintiff's Allegations of Error**

Plaintiff asserts (1) that the decision of the Commissioner is not supported by substantial evidence[23] and (2) that the ALJ erred in failing to inquire of the VE whether her testimony was consistent with the DOT.[24] The Magistrate Judge found that the Commissioner's decision was

---

[22] Tr. 19–20.

[23] Br. in Support of Pl.'s Original Compl. 3, May 19. 2009 (Docket Entry No. 13).

[24] *Id.* at 4.

supported by substantial evidence, based on the testimony of the VE and the discounting of Frausto's testimony. The Magistrate Judge also found that the ALJ's failure to inquire of the VE whether her testimony was consistent with the DOT was harmless error. Plaintiff objects to the Magistrate Judge's finding that the decision was supported by substantial evidence, contending that the ALJ erred by improperly discounting Frausto's testimony[25] and by failing to provide evidence of how Frausto's past occupation is generally performed.[26]

**1. Substantial evidence in support of the Commissioner's decision**

Plaintiff argues that there is insufficient evidence in support of the Commissioner's finding that her past relevant work was a light job that her RFC allowed her to perform. Plaintiff first asserts that the occupational category (323.687-014 in the DOT) under which her past work was classified does not exist.[27] The Magistrate Judge found this to be untrue, and the Court agrees with his conclusion.

Plaintiff further argues that the categorization of her past work as "light" is inappropriate because her previous job required her to move up to 100 pounds of furniture. The Magistrate Judge found that even if this was true, the Commissioner's decision should be affirmed.[28] The Magistrate Judge noted that the fact that Frausto moved furniture in her past job does not make 323.687-014 an

---

[25] Pl.'s Objection at 2.

[26] *Id.* at 2.

[27] Mem. and Recommendation at 6.

[28] *Id.* at 8.

inappropriate designation of her past work.[29] 323.627-014 expressly includes in its definition of housekeeping the task of moving furniture. The Magistrate Judge further found that the mere inability of a claimant to perform the specific requirements of her previous job does not mean that she is unable to perform her PRW as defined by the Social Security Ruling ("SSR").[30] The SSR says that a claimant should be classified as "not disabled" if she is able to perform "the functional demands and job duties of the occupation as generally required by employers throughout the national economy."[31] In determining the general requirements as usually performed, the DOT may be relied upon. If a claimant is unable to perform the more demanding requirements of her previous job, but is still able to perform the demands and duties of the job as generally required, then she should be classified as "not disabled."[32] The Magistrate Judge also found that neither of the alternative DOT entries offered by Plaintiff describe her past relevant work as accurately as does 323.687-014.[33] Plaintiff has not objected to this, and the Court finds that the Magistrate Judge's conclusion is not clearly erroneous.

## 2. Failure to inquire VE whether her testimony was consistent with the DOT

Plaintiff argues that the ALJ failed to follow SSR 00-4P by asking the VE whether her testimony was consistent with the DOT. The Magistrate Judge found that though the ALJ did not

---

[29] *See Ward v. Barnhart*, 192 Fed. Appx. 305, 309 (5th Cir. 2006) (Claimant's past relevant work as housekeeper could be characterized as light work despite the fact that her past job actually required her to lift 50 pounds instead of the 20 pounds described in the DOT).

[30] Mem. and Recommendation at 8.

[31] Soc. Sec. Rul. 82-61 (1982).

[32] *Id*.

[33] Mem. and Recommendation at 11.

make this inquiry, the error was harmless as the VE's testimony was, in fact, consistent with the DOT.[34] Plaintiff does not object to the Magistrate Judge's conclusion, and the Court finds that the conclusion is not clearly erroneous.

### 3. Improper assessment of Plaintiff's credibility

Frausto contends that her past job required her to lift and move furniture, which she claims renders inappropriate the VE's classification (and the ALJ's reliance thereon) of her past job as light work under the DOT at 323.687-014. She contends that the only way that such a conclusion could be reached is by improperly assessing her credibility.[35] Since Frausto objects to the assessment of her credibility in the Magistrate Judge's report and recommendation, the Court reviews the issue *de novo*.

Plaintiff argues that if the VE and ALJ doubt her credibility in describing her job duties, then the lack of credibility ought to preclude the ALJ from making any finding on her past job whatsoever, since the source of information is unreliable.[36] This argument ignores the fact that the VE and the ALJ had a plausible basis for disbelieving Frausto's testimony specifically on the question of how physically demanding her job was, *i.e.,* the fact that Frausto weighed only 105 pounds and claimed that she moved up to 100 pounds of furniture.[37] This basis for disbelief does not extend to the Frausto's overall description of her job as a housekeeper, which is the basis for the

---

[34] Mem. and Recommendation at 12–13.

[35] Pl.'s Objection at 2.

[36] *Id*.

[37] Tr. 45.

VE's classification of her past relevant work under 323.687-014.[38] The Court's review of the record shows that the ALJ discounted only those portions of Plaintiff's testimony that were contradicted by other evidence, such as the medical diagnosis or Plaintiff's other testimony.[39] Contrary to Plaintiff's assertion, the ALJ did not "pick and choose" parts of Frausto's testimony just to reach an unfavorable decision.

**4. Failure to provide evidence of how Plaintiff's PRW is generally performed**

Plaintiff argues that the ALJ failed to comply with SSR 82-61 by failing to provide evidence of how an occupation is generally performed.[40] Plaintiff objects to this issue in the Magistrate Judge's report and recommendation, so the Court reviews it *de novo*.

Plaintiff cites SSR 82-61 in saying that a vocational expert may be used to determine how a particular job is usually performed. Though a VE was relied on in this case, Plaintiff asserts that the VE's testimony was "imprecise and speculative". Thus, because the VE's testimony was allegedly flawed, Plaintiff asserts that no adequate evidence was provided as to how Frausto's PRW is generally performed.

Plaintiff's argument rests heavily on the assumption that the VE classified Frausto's PRW as "light work" because the VE doubted Frausto's credibility. The Court's review of the evidence shows that the VE classified Frausto's PRW as falling under 323.687-014 because of Frausto's testimony that she used a rolling cart to move large pieces of furniture, and was not physically lifting

---

[38] Tr. 45.

[39] Tr. 20.

[40] Pl.'s Objection at 2.

11

or carrying the items herself.[41] The VE's conclusion does not appear to be based on a "subjective assessment of the claimant's credibility."

In reviewing the record, the Court finds nothing to show that the VE's testimony was imprecise and speculative. The VE's classification of Frausto's PRW as a light housekeeping job was based on information in the file and on Frausto's own testimony.[42] Frausto's testimony of her duties is consistent with both the description contained in 323.687-014 and the Master definition of "Cleaner" as found in the DOT. Plaintiff further argues that the VE's testimony cannot be relied upon because it is based on Frausto's testimony, and Frausto is not completely fluent in English.[43] However, an interpreter was present during the hearing, and Frausto could have spoken through the interpreter if she felt she was unable to adequately express herself in English.[44] The Court therefore concludes that the VE's testimony was not imprecise or speculative, and that the ALJ did not err in relying on it.

## Conclusion

For the foregoing reasons, the recommendation of the Magistrate Judge is ACCEPTED, and the decision of the Commissioner is AFFIRMED. Plaintiff Maria Frausto's petition to have the Commissioner's decision reversed and/or remanded is DENIED. The Clerk is instructed to enter a judgment on behalf of Defendant and to close this case.

---

[41] Tr. 46.

[42] Tr. 45–47.

[43] Pl.'s Objection at 2.

[44] Tr. 29.

It is so ORDERED.

SIGNED this 2nd day of June, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE